YESKOO HOGAN & TAMLYN, LLP
86 Hudson Street
Hoboken, New Jersey 07030
(201) 420-8650
By:  Richard C. Yeskoo (RY7329)
Attorneys for Defendants

RECEIVED CLERK
U.S. DISTRICT COURT

2004 JUL 13  P 3: 38

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------x

MAKTEL COMMUNICATIONS, INC.,

Plaintiff,

— against —

PHOENIX TELECOMMUNICATIONS GROUP,
INC. and JOHN D. GILL,

Defendants.
----------------------------------------------------------------x

Civil Action No. 04- 3 321

NOTICE OF REMOVAL

To the Judges of the United States District Court for the

 District of New Jersey:

        PLEASE TAKE NOTICE that defendants, Phoenix

Telecommunications Group, Inc. and John D. Gill, hereby remove this action

pursuant to 28 U.S.C. § 1441 from the Superior Court of New Jersey, Passaic

County.  The grounds for removal are as follows:

    1.  Phoenix Telecommunications Group, Inc. and John D. Gill are the

defendants in a civil action brought in the Superior Court of New Jersey,

Passaic County, entitled Maktel Communications, Inc. v. Phoenix

Telecommunications Group, Inc. and John D. Gill,  Law Division Docket No.:

PAS-L-252604.

    2.  The action was commenced by the filing of plaintiff's complaint on June

10, 2004.

3.  The summons and complaint were mailed to defendants on or about June 16, 2004 and received by them several days later.

4.  No further proceedings have taken place in this action.

5.  The complaint seeks damages from defendants for alleged violations sections 201, 202, and 222 of the Communications Act of 1934, 47 U.S.C. §§ 201, 202, and 222, and related state law claims.  On information and belief, the amount in controversy exceeds $100,000.00

6.  Plaintiff, Maktel, is a New Jersey corporation with its principal place of business in Clifton, New Jersey.

7.  Defendant Phoenix Telecommunications Group, Inc. is a Nevada corporation with its principal place of business in the State of Florida.

8.  Defendant John D. Gill is an individual who resides in and is a citizen of Florida.

9.  This Court has original jurisdiction of the claims in this action under its diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, in that plaintiff is a corporation incorporated in the State of New Jersey with its principal place of business in New Jersey and defendants are (i) a corporation incorporated in the State of Nevada with its principal place of business in Florida and (ii) an individual who resides in and is a citizen of Florida, and the matter alleged to be in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337, as this action arises under the

Communications Act of 1934, as amended, 47 U.S.C. § 151 et seq.  This

Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367.

11. Annexed hereto is a copy of all process, pleadings and orders served

upon defendant in this action.

12. No prior application for similar relief has been made in this or any other

Court.

Dated:   Hoboken, New Jersey
         July 13, 2004

                                      Respectfully submitted,

Of Counsel:                           YESKOO HOGAN & TAMLYN, LLP

Maldonado & Glenn, LLP,               86 Hudson Street
8181 N.W. 36th Street, Suite 4,       Hoboken, New Jersey 07030
Miami, Florida 33166                  (201) 420-8650.


                                      By:    _____
                                             Richard C. Yeskoo (RY7329)



                                      Attorneys for Defendants

Exhibits

**GRAHAM, CURTIN & SHERIDAN**
A Professional Association
4 Headquarters Plaza
Post Office Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Plaintiff,
**MakTel Communications, Inc.**

| | |
|---|---|
| **MAKTEL COMMUNICATIONS, INC.,** : <br><br> Plaintiff, : <br><br> v. : <br><br> **PHOENIX TELECOMMUNICATIONS** : <br> **GROUP, INC. and JOHN D. GILL,** : <br><br> Defendants. : | SUPERIOR COURT OF NEW JERSEY <br> PASSAIC COUNTY: LAW DIVISION <br> DOCKET NO.: PAS-L-2526-04 <br><br> Civil Action <br><br> **SUMMONS** |

**The State of New Jersey, to the Above Named Defendant:**

**PHOENIX TELECOMMUNICATIONS GROUP, INC.**

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above-named plaintiff(s). You or your attorney are required to file and serve a written answer or motion and proof of service with the **Passaic County Civil Division Office, Courthouse, 77 Hamilton Street, Paterson, New Jersey 07505** within **35 days** from the date you received this summons not counting the date you received it, in the county listed above. **A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.** You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within **35 days**, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 (within New Jersey).

The phone numbers for the county in which this action is pending are: Lawyer Referral Service (973) 278-9223, or Legal Aid/Legal Services (973) 523-2900.

Dated: June 16, 2004

*Donal F. Phelps* /s/

Donald F. Phelan
Clerk of the Superior Court

**Name of Defendant to be served:**        **Phoenix Telecommunications Group, Inc.**
**Registered Agents Legal Services**
**202 N. Curry Street**
**Suite 100**
**Carson City, Nevada 89703-4121**



GRAHAM, CURTIN & SHERIDAN
A Professional Association
4 Headquarters Plaza
Post Office Box 1991
Morristown, New Jersey 07962-1991
(973) 292-1700
Attorneys for Plaintiff,
MakTel Communications, Inc.

Received
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

JUN 1 0 2004

Passaic County

|  |  |
|---|---|
| MAKTEL COMMUNICATIONS, INC., | SUPERIOR COURT OF NEW JERSEY PASSAIC COUNTY: LAW DIVISION DOCKET NO.: PAS-L- 2526 04 |
| Plaintiff, | |
| v. | Civil Action |
| PHOENIX TELECOMMUNICATIONS GROUP, INC. and JOHN D. GILL, | COMPLAINT & JURY DEMAND |
| Defendants. | |

Plaintiff, MakTel Communications, Inc. ("Plaintiff"), by way of Complaint against Defendants, Phoenix Telecommunications Group, Inc. and John D. Gill (hereafter collectively "Defendants"), hereby alleges as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.  Plaintiff is a New Jersey Corporation with its principal place of business at 1030 Main Avenue, Clifton, New Jersey 07011.

2.  Upon information and belief, Defendant, Phoenix Telecommunications Group, Inc. ("Phoenix"), is a Nevada corporation with its principal place of business at 809 E. Bloomingdale Ave. #257, Brandon, Florida 33511-8113.

3.  Upon information and belief, Defendant, John D. Gill ("Gill"), is and was at all times relevant to this litigation, President and CEO of Defendant Phoenix, its principal shareholder, and the real party in interest and alter ego of Phoenix with respect

to all of its interactions with MakTel.  Upon further information and belief, Gill is presently a resident of the State of Florida.

**FIRST COUNT**

**(Breach of Contract)**

4.      MakTel realleges and incorporates by reference Paragraphs 1 through 3 as though fully set forth herein.

5.      At all times relevant hereto, Plaintiff was engaged in the business of selling Personal Identification Numbers ("PINs") and prepaid cards used by the purchasers of those PINs and prepaid cards to make long distance and international telephone calls.

6.      Plaintiff and Defendants Phoenix and Gill entered into an oral agreement, which is sustained by a long course of dealing, under which Defendants would provide the long distance services associated with the PINs and prepaid cards to Plaintiff and its customers in return for an agreed charge.  Defendants were to bill Plaintiff for each PIN or prepaid card upon the first use of that PIN or prepaid card by the purchasing customer. Plaintiff and Defendants also agreed to share the legitimate business losses of the venture equally.

7.      Defendants breached the contract when they billed Plaintiff for PINs and/or prepaid cards, which had not been used by the purchasing customer and by billing more than one time for cards that had been used.  Defendants also billed Plaintiff for amounts that were not legitimate business losses of the venture.

8.       Defendants further breached the contract by failing and refusing to provide an accurate accounting of the PINs and/or prepaid cards for which billing was being

117296-1                              2

made, as well as failing and refusing to account for Plaintiff's fair share of legitimate business losses of the venture.

9.     Defendants further breached the contract by terminating telecommunications service to all of the PINs and prepaid cards on or about April 8, 2004. Defendants' termination included the telecommunications service to PINs and prepaid cards for which Defendants had received full payment and for which they had never claimed a default of any kind. Defendants have refused repeated requests to restore service.

10.     As a direct and proximate result of Defendants' unlawful conduct, MakTel has suffered, and will continue to suffer, damages in an amount yet to be determined.

11.     Defendants' conduct was willful, wanton and malicious and was undertaken with deliberate disregard for MakTel's rights and the impact it would have on MakTel's business. MakTel is therefore entitled to an award of punitive damages, which it so requests.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the First Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## SECOND COUNT
### (Breach of the Duties of Good Faith and Fair Dealing)

12.     MakTel realleges and incorporates by reference Paragraphs 1 through 11 as though fully set forth herein.

117296-1            3

13.    Defendants owed Plaintiff a duty of good faith and fair dealing in connection with their responsibilities and obligations under their agreement with the Plaintiff.

14.    Defendants breached their duty of good faith and fair dealing, among other instances, when they billed Plaintiff for PINs and/or prepaid cards which had not been used by the purchasing customer, by billing more than one time for cards that had been used, by billing for amounts that were not legitimate business losses of the venture, by refusing to provide an accurate accounting of the PINs and/or prepaid cards for which billing was being made, by refusing to provide an accurate accounting of Plaintiff's fair share of legitimate business losses of the venture, and by terminating telecommunications service to all of the PINs and prepaid cards.

15.    As a direct and proximate result of Defendants' unlawful conduct, MakTel has suffered, and will continue to suffer, damages in an amount yet to be determined.

16.    Defendants' conduct was willful, wanton and malicious and was undertaken with deliberate disregard for MakTel's rights and the impact it would have on MakTel's business.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Second Count of the Complaint for any and all compensatory and consequential damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

117296-1                                4

## THIRD COUNT
### (Unjust Enrichment)

17.     MakTel realleges and incorporates by reference Paragraphs 1 through 16 as though fully set forth herein.

18.     Plaintiff paid Defendants for telecommunications service that Defendants failed and refused to provide and paid Defendants for amounts that were not legitimate business losses of the venture.

19.     Defendants' receipt of these payments without providing the underlying services and for amounts that were not legitimate business losses of the venture, constitutes unjust enrichment.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Third Count of the Complaint for any and all compensatory and consequential damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## FOURTH COUNT
### (Misrepresentation)

20.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 19 as though fully set forth herein.

21.     In the course of Defendants' transactions with Plaintiff, Defendants supplied false and misleading information to Plaintiff relating to, *inter alia,* their intention to provide telecommunications services to each of Plaintiff's PINs and/or prepaid cards, their intention to bill for such PINs and/or prepaid cards only upon first use, their intention to bill only for Plaintiff's fair share of legitimate business losses of the venture, their intention to provide an accurate accounting of Plaintiff's fair share of

117296-1                                                  5

legitimate business losses of the venture, and their intention to provide an accurate accounting of all PINs and prepaid cards on which billing was being made.

22.    Upon information and belief, Defendants failed to exercise reasonable care or competence to assure that the information they provided was truthful, accurate or complete or to ensure that it was provided in a manner that was not misleading.

23.    Upon information and belief, Defendants knew and intended that Plaintiff would and did rely on these representations and that they were material to Plaintiff, and Defendants made these representations for the purpose of inducing Plaintiff to rely and/or to act upon them.

24.    Plaintiff was not aware that these representations were false and misleading.

25.    These representations were material to Plaintiff's decision initially to take service from Defendants and to continue to do so in the course of the parties' relationship, and Plaintiff relied to its detriment on the accuracy and truthfulness of these representations.    Plaintiff's reliance was reasonable and justifiable under the circumstances.

26.    In fact, Defendants have repeatedly used proprietary information supplied by Plaintiff for the purpose of soliciting those customers to take service directly from Defendants.

27.    In fact, Defendants have repeatedly used proprietary information supplied by Plaintiff for the purpose of soliciting those customers to take service directly from Defendants.

117296-1                                    6

28.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

29.    Defendants' conduct was willful, wanton and malicious and was undertaken with deliberate disregard for Plaintiff's rights and the impact it would have on Plaintiff's business. Plaintiff is therefore entitled to an award of punitive damages, which it so requests.

**WHEREFORE,** Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Fourth Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

**FIFTH COUNT**

**(Intentional/Fraudulent Misrepresentation)**

30.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 29 as though fully set forth herein.

31.    In the course of Defendants' transactions with Plaintiff, Defendants supplied false information to Plaintiff intended by Defendants to influence or to induce Plaintiff into commencing and continuing a business relationship with Defendants. The false and misleading information supplied by Defendants to Plaintiff included inaccurate and incomplete reports and or accounting.

32.    Upon information and belief, Defendants knew that their representations were not true when made or made them with a reckless disregard for the truth.

117296-1                                7.

33. Upon information and belief, Defendants knew and intended that Plaintiff would and did rely on these representations as to material fact, and made these representations for the purpose of inducing Plaintiff to act upon such representations.

34. Plaintiff was not aware that these representations were false.

35. These representations were material to Plaintiff's decision initially to take service from Defendants and to continue to do so in the course of the parties' relationship, and Plaintiff relied to its detriment on the accuracy and truthfulness of these representations. Plaintiff's reliance was reasonable and justifiable in the circumstances.

36. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

37. Defendants' conduct was willful, malicious, oppressive and fraudulent, and was undertaken with deliberate disregard for Plaintiff' rights and the impact it would have on Plaintiff' business. Plaintiff is therefore entitled to an award of exemplary and punitive damages, which it so requests.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Fifth Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## SIXTH COUNT
### (Fraud in the Inducement)

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 37 as though fully set forth herein.

117296-1        8

39. Prior to the commencement of parties' relationship and agreement, Defendants supplied false information to Plaintiff intended by Defendants to influence or to induce Plaintiff into commencing and continuing a business relationship with Defendants. The false and misleading information supplied by Defendants to Plaintiff included their intention to bill accurately and only upon first use, their intention to bill only for Plaintiff's fair share of legitimate business losses of the venture, their intention to provide an accurate accounting of Plaintiff's fair share of legitimate business losses of the venture, their intention to provide an accurate accounting of all PINs and prepaid cards on which billing was being made, and their intention to provide telecommunications services to each of Plaintiff's PINs and prepaid cards.

40. On information and belief, Defendants knew that their representations were not true when made or made them with a reckless disregard for the truth.

41. Plaintiff was deceived by these statements and justifiably relied upon them.

42. These representations were a material inducement to Plaintiff to commence and continue a business relationship with Defendants.

43. In entering into its relationship with Defendants, Plaintiff relied to its detriment on the accuracy of these representations. Plaintiff's reliance was reasonable and justifiable under the circumstances.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

117296-1                                      9

45. Defendants' conduct was willful, malicious, oppressive and fraudulent, and was undertaken with deliberate disregard for Plaintiff's rights and the impact it would have on Plaintiff's business. Plaintiff is therefore entitled to an award of exemplary and punitive damages, which it so requests.

**WHEREFORE**, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Sixth Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## SEVENTH COUNT
### (Violation of Section 201 of the Communications Act)

46. Plaintiff realleges and incorporates by reference Paragraphs 1 through 45 as though fully set forth herein.

47. Section 201 of the Communications Act, 47 U.S.C. §201, imposes a duty on "every common carrier engaged in interstate or foreign communication by wire or radio to furnish . . . communication service upon reasonable request therefor . . . " The Act also mandates that "[A]ll charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable" and declares any "charge, practice, classification, or regulation that is unjust or unreasonable" to be "unlawful."

48. Defendants have violated the requirements of Section 201 by, among other things:

        (i)    billing for PINs and/or prepaid cards for which the first use had not occurred;

    (ii)     failing and refusing to provide an accurate accounting of their billings to Plaintiff;

    (iii)    failing to provide notice of their intention to terminate service in a timely or proper manner as required by the agreement;

    (iv)    terminating service in violation of law; and

    (v)     failing to negotiate billing and other disputes in good faith.

49.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

**WHEREFORE, Plaintiff** respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Seventh Count of the Complaint for any and all compensatory and consequential damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## EIGHTH COUNT

### (Violation of Section 202 of the Communications Act)

50.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 49 as though fully set forth herein.

51.    Section 202 of the Communications Act, 47 U.S.C. §202, declares it unlawful for any common carrier to:

> make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

117296-1             11

52.    Upon information and belief, Defendants have unreasonably discriminated against Plaintiff and have granted an unreasonable preference or advantage to themselves and to others, in violation of the requirements of Section 202 by, among other things, selling and billing services to Plaintiff in a manner that is not consistent with the manner in which Defendants provisions services to themselves and/or to certain of their other customers.

53.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Eighth Count of the Complaint for any and all compensatory and consequential damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## NINTH COUNT
### (Violation of Section 222 of the Communications Act)

54.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

55.    Section 222(a) of the Communications Act, 47 U.S.C. §252(a), provides that: "Every telecommunications carrier has the duty to protect the confidentiality of proprietary information of, and relating to, other telecommunications carriers, equipment manufacturers, and customers, including telecommunications carriers reselling telecommunication services provided by a telecommunications carrier."

117296-1                                12

56.    Section 222(b) of the Communications Act, 47 U.S.C. §252(b), provides further that: "A telecommunication carrier that receives or obtains proprietary information from another carrier for the purposes of providing any telecommunications service shall use such information only for such purpose, and shall not use such information for its own marketing efforts."

57.    Upon information and belief, Defendants have repeatedly provided third parties with access to Plaintiff's proprietary business and customer information, including Plaintiff's proprietary information relating to the usage of certain PINs and/or prepaid cards.

58.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

**WHEREFORE,** Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Ninth Count of the Complaint for any and all compensatory and consequential damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper. -

## TENTH COUNT
### (Tortious Interference With Contract)

59.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 58 as though fully set forth herein.

60.    Plaintiff has no telecommunications facilities of its own.    Plaintiff purchases the telecommunications services required by its customers from Defendants, and resells those services to Plaintiff's customers.   Plaintiff's customers are dependent on

117296-1                                    13

Defendants' telecommunications services to complete their calls; and Plaintiff is dependent on Defendants to provide the billing data required by Plaintiff to know which of the PINs and/or prepaid cards have been activated and when first use has occurred.

61.    Defendants were aware that Plaintiff was a reseller, of the business relationships between Plaintiff and its customers, and of their mutual reliance on Defendants.

62.    Upon information and belief, Defendants' wrongful conduct as described above, was implemented by Defendants for the purpose of causing, and resulted in, the loss by Plaintiff of the benefits of its relationships with its customers.

63.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

64.    Defendants' conduct was willful, malicious, oppressive and fraudulent, and was undertaken with deliberate disregard for Plaintiff's rights and the impact it would have on Plaintiff's business. Plaintiff is therefore entitled to an award of exemplary and punitive damages, which it so requests.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Tenth Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## ELEVENTH COUNT

### (Intentional Interference With
### Prospective Economic Advantage)

65.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 64 as though fully set forth herein.

66.    Plaintiff has no telecommunications facilities of its own.    Plaintiff purchases the telecommunications services required by its customers from Defendants, and resells those services to Plaintiff's customers.  Plaintiff's customers are dependent on Defendants' telecommunications services to complete their calls; and Plaintiff is dependent on Defendants to provide the billing data required by Plaintiff to know which of the PINs and/or prepaid cards have been activated and when first use has occurred.

67.    Defendants were aware that Plaintiff was a reseller, of the business relationships between Plaintiff and its customers, and of their complete, mutual reliance on Defendants.

68.    Upon information and belief, Defendants' wrongful conduct as described above, was implemented by Defendants for the purpose of causing, and resulted in, the loss by Plaintiff of the benefits of its relationships with its customers and was carried out through dishonest, improper, and/or unlawful means.

69.    Absent Defendants' wrongful interference, Plaintiff would, with reasonable certainty, have continued to benefit from the prospective relationships with its existing customers, and would have been able to enter into business relationships with potential customers.

70.    Upon information and belief, Defendants deliberately and without justification, engaged in actions for the purpose of harming, and in fact harmed, Plaintiff

117296-1                                    15

by preventing Plaintiff from benefiting from prospective business relations with existing and additional customers.

71.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount yet to be determined.

72.    Defendants' conduct was willful, malicious, oppressive and fraudulent, and was undertaken with deliberate disregard for Plaintiff's rights and the impact it would have on Plaintiff's business. Plaintiff is therefore entitled to an award of exemplary and punitive damages, which it so requests.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Eleventh Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## TWELFTH COUNT

### (Negligence Per Se)

73.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 72 as though fully set forth herein.

74.    Defendants have engaged in the following conduct in violation of statutes, including:

   (i)    acting unjustly and unreasonably toward Plaintiff in violation of Section 201 of the Communications Act;

   (ii)   unjustly and unreasonably discriminating against Plaintiff in violation of Section 202 of the Communications Act; and

117296-1                               16

(iii)     using Plaintiff's proprietary information to market Defendants services in violation of the requirements of Section 222 of the Telecommunications Act of 1996.

75.     Defendants' violations of the enumerated statutes establishes and constitutes negligence per se on the part of Defendants with respect to each statutory section, and in each instance such statute was violated by Defendants.

76.     Defendants' violations of the above statutes were the proximate cause of the injury suffered by Plaintiff for which Defendants are liable.

77.     Each of the statutes enumerated above violated by Defendants provides for a private cause of action.

78.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at the trial of this case.

79.     Defendants' conduct was willful, wanton and malicious and was undertaken with deliberate disregard for Plaintiff's rights and the impact it would have on Plaintiff's business. Plaintiff is therefore entitled to an award of punitive damages, which it so requests.

**WHEREFORE,** Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Twelfth Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

117296-1                              17

## THIRTEENTH COUNT
### (Defamation)

80. Plaintiff realleges and incorporates by reference Paragraphs 1 through 79 as though fully set forth herein.

81. Defendants, both directly and through their employees and/or agents, have published false and defamatory statements regarding Plaintiff's payment history. These statements included allegations that Plaintiff owes Defendants money and has not paid sums due and owing.

82. Upon information and belief, Defendants and their employees and/or agents knew that the statements were false when made or would have known such through reasonable investigation.

83. Upon further information and belief, these statements were made with the malicious intent that they would damage Plaintiff or in negligent disregard of the impact that they would have on Plaintiff.

84. In fact, these statements were and are false and have caused significant economic damage to Plaintiff, both through the loss of customers and prospective customers, and the loss of distributors and prospective distributors.

**WHEREFORE,** Plaintiff respectfully demands judgment in its favor against Defendants Phoenix and Gill, jointly and severally, on the Thirteenth Count of the Complaint for any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

117296-1                               18

### FOURTEENTH COUNT
#### (Piercing the Corporate Veil)

85.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 84 as though fully set forth herein.

86.    Upon information and belief, Gill is, and was at all times relevant to this litigation, President and CEO of Defendant Phoenix, its principal shareholder, and the real party in interest and alter ego of Phoenix with respect to all of its interactions with MakTel.

87.    Gill used his control over Phoenix's corporate form and identity as a facade behind which he exacted and furthered his fraudulent deceptions against Plaintiff.

88.    Because Plaintiff has suffered damages as a direct result of the fraudulent, tortious and unlawful actions of Gill who, at all times relevant herein, acted behind the facade created by the corporate existence of Phoenix, Phoenix's corporate veil should be pierced, allowing judgment against Gill, jointly, severally and individually for all allegations contained in this Complaint.

89.    Gill's conduct was willful, malicious, oppressive and fraudulent, and was undertaken with deliberate disregard for Plaintiff's rights and the impact it would have on Plaintiff's business.  Plaintiff is therefore entitled to an award of exemplary and punitive damages, which it so requests.

WHEREFORE, Plaintiff respectfully demands judgment in its favor against Defendants on the Fourteenth Count of the Complaint for the following relief:

(a)    Plaintiff shall be permitted to pierce Phoenix's corporate veil such that Gill shall be liable, individually, jointly and severally for all damages assessed to Plaintiff.

(b)     Any and all compensatory, consequential and/or punitive damages, together with interest, costs, attorney's fees and such other and further relief as the Court may deem just and proper.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Patrick B. Minter, Esq., is hereby designated as trial counsel for Plaintiff in the above-matter.

GRAHAM, CURTIN & SHERIDAN, P.A.
Attorneys for Plaintiff,
MakTel Communications, Inc.


By: _____
PATRICK B. MINTER

DATED:  June 10, 2004

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable in the within matter.

GRAHAM, CURTIN & SHERIDAN, P.A.
Attorneys for Plaintiff,
MakTel Communications, Inc.


By: _____
PATRICK B. MINTER

DATED:  June 10, 2004

117296-1                              20.

## CERTIFICATION PURSUANT TO RULE 4:5-1(b)(2)

I certify that to the best of my knowledge, information and belief the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such action or proceeding contemplated, except that there has been a suggestion made by the defendants that they were contemplating the filing an action against plaintiff in the Florida State Courts. However, plaintiff has never been served with or otherwise received a copy of the pleadings. At this time, the plaintiff knows of no other party who should be joined in this action.

GRAHAM, CURTIN & SHERIDAN, P.A.
Attorneys for Plaintiff,
MakTel Communications, Inc.

By: _____
PATRICK B. MINTER

DATED: June 10, 2004

117296-1                              21

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE:   CK   CG   CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Patrick B. Minter | (973) 292-1700 | Passaic |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| Graham, Curtin & Sheridan, P.A. | PAS-L- 2526-04 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 4 Headquarters Plaza | Complaint |
| P.O. Box 1991 | JURY DEMAND |
| Morristown, New Jersey 07962-1991 | ☑ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| MakTel Communications, Inc., Plaintiff | MakTel Communications, Inc. v. Phoenix Telecom Group & John D. Gill |

| CASE TYPE NUMBER (See reverse side for listing) 699 | IS THIS A PROFESSIONAL MALPRACTICE CASE?   ☐ YES  ☑ NO  IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- |

| RELATED CASES PENDING?   ☐ YES ☑ NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?   ☐ YES ☑ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN   ☐ NONE   ☑ UNKNOWN |
| --- | --- |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?   ☑ YES ☐ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE   ☐ FRIEND/NEIGHBOR   ☐ OTHER (explain) _____   ☐ FAMILIAL   ☑ BUSINESS |
| --- | --- | --- |

| B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES ☑ NO |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

Received
Office of the Superior Court Clerk
by Deputy Clerk of the Superior Court

**JUN 10 2004**

Passaic County

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?   ☐ YES ☑ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |

| WILL AN INTERPRETER BE NEEDED?   ☐ YES ☑ NO | IF YES, FOR WHAT LANGUAGE: |
| --- | --- |

ATTORNEY SIGNATURE

Revised effective 3/1/04

---

**SIDE 2** 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT - OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

**Mass Tort (Track IV)**
| | | | | |
|---|---|---|---|---|
| 240 | DIET DRUG | | 264 | PPA |
| 245 | REZULIN | | 601 | ASBESTOS |
| 247 | PROPULSID | | 619 | VIOXX |
| 248 | CIBA GEIGY | | | |

999 OTHER (Briefly describe nature of action) _____

_____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

Revised Effective 3/1/04

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ.07505

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 247-8183
COURT HOURS

DATE:    JUNE 11, 2004
RE:      MAKTEL COMMUNICATIONS VS PHOENIX TELECOMMUNICATION
DOCKET: PAS L -002526 04

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON GEORGE E. SABBATH

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        002
AT:  (973) 247-8238

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.

ATTENTION:

ATT: PATRICK B. MINTER
GRAHAM CURTIN & SHERIDAN
4 HEADQUATERS PLAZA  6TH FLOOR
PO BOX 1991
MORRISTOWN        NJ 07962

JUANS1